UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DOMINIQUE ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 20-05-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, UNITED STATES | ) | **MEMORANDUM OPINION** |
| PENITENTIARY AT BIG SANDY, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Dominique Adams filed a pro se petition for a writ of habeas corpus to challenge disciplinary sanctions imposed against him by the Bureau of Prisons. [R. 1]  The government has filed a response [R. 16], and the deadline for Adams to file a reply has passed. *See* [R. 10 at 2].  This matter is ripe for decision.

In May 2019, Adams was charged with Prohibited Act Code 205, Engaging in a Sexual Act, when he was seen openly masturbating while staring at a female officer.  During the investigation Adams complained that he was not immediately given a copy of the Incident Report, but declined to comment upon his guilt of the offense.  [R. 16-3]  Adams requested that surveillance video be reviewed to prove that he did not receive the Incident Report, and asked that a staff member represent him at the hearing.  [R. 16-4; R. 16-5]

Adams does not contest that he was given a copy of the Incident Report on August 8, 2019.  One month later, a Disciplinary Hearing Officer ("DHO") held a hearing on the charge on September 6, 2019.  [R. 16-6 at 1]  Adams was represented by a staff member during the hearing, but he did not offer either testimony or other evidence regarding whether he committed the

1

underlying offense.  The DHO accepted for consideration Adams's written statement that he received the Incident Report "late."  The DHO would not permit another inmate to give live testimony indicating that Adams received the Incident Report late, asserting that doing so would jeopardize "the security and orderly running of the institution."  Instead, the DHO sought and obtained a written statement from the inmate to that effect.  Nonetheless, in his Report the DHO concluded that Adams was in fact given a copy of the Incident Report – both on the same day he committed the offense in May and again in August.  The DHO also found that Adams committed the underlying offense based upon the charging officer's statement in the Incident Report.  The DHO imposed various sanctions including the disallowance of 27 days of good conduct time.  The DHO indicates that he personally gave Adams a copy of the DHO Report on September 26, 2019. [R. 16-6 at 2-4; R. 16-1 at 4]

On September 15, 2019, after the hearing but eleven days before he was given a copy of the DHO Report, Adams appealed to the Mid-Atlantic Regional Office ("MARO").  MARO rejected the appeal because Adams did not include a copy of the DHO Report and told him to re-submit his appeal to MARO with the required documentation within ten days.  [R. 1-2 at 1-2] Instead of complying, Adams waited two months and then filed an appeal to the Central Office asserting that he had provided MARO with the date of the DHO's decision and the charges against him.  This is incorrect: Adams provided the date of the hearing, not the DHO's decision.  The Central Office rejected his appeal on the same grounds given by MARO, and again directed Adams to comply with its directions to resubmit his appeal at the regional level.  [R. 1-2 at 3-4]  Adams did not do so, instead filing this petition two months later.[1]

---

[1]  Although Adams plainly did not properly exhaust his administrative remedies, the government does not seek denial of his petition on that ground.  Having waived the issue, the Court does not consider it further.

In his petition, Adams contends that all or most of the statements made by the charging officer, the reporting officers, and the DHO are false or fabricated. First, Adams contends that the reporting officer lied when he stated in the Incident Report that it was delivered to him on the date of the incident. However, he acknowledges receipt of the Incident Report in August 2019. [R. 1 at 5; R. 1-1 at 2] Second, Adams alleges that the DHO did not allow his staff representative to view video footage that would have shown that the Incident Report was not delivered to him in May 2019, and further refused to credit testimony to that effect from Adams himself and his fellow inmate. [R. 1 at 5; R. 1-1 at 3] Third, Adams asserts that the DHO lied when he indicated in the DHO Report that it was delivered to Adams in September 2019. Adams states that he received disciplinary sanctions for three separate disciplinary incidents during that month, and the DHO Report for this one was never given to him. Fourth, Adams complains that MARO rejected his appeals because he did not include a copy of the DHO Report even though he provided the date of the DHO's actions and the disciplinary charge upon which it was based. [R. 1 at 6; R. 1-1 at 4]

Adams's petition will be denied because the materials filed by the parties establish that he was afforded all of the process to which he was due. When a prisoner believes that he was deprived of sentence credits for good conduct without due process of law, he may invoke this Court's habeas corpus jurisdiction under 28 U.S.C. § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Before such credits are taken, due process requires that the inmate be given:

(1)   written notice of the charges against her at least 24 hours before the administrative hearing on the charges;

(2)   a hearing before an impartial decision-maker;

(3)   assistance from a competent inmate or staff member, if the inmate requests one and she will likely be unable to present a defense because she is illiterate or the case is too complex for her to comprehend;

(4)    the opportunity to call witnesses and present documentary evidence, if doing so would not jeopardize institutional safety or correctional goals; and

(5)    a written statement by the hearing officer explaining the evidence relied upon and the basis for the decision.

*Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).  The Bureau of Prisons has included these and even broader protections by regulation.  *See* 28 C.F.R. §§ 541.5 - 541.8 (2010); BOP Program Statement 5270.09 (Nov. 2020).  However, an agency's failure to strictly comply with its own policies does not violate due process.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *United States v. Rutherford*, 555 F.3d 190, 192 (6th Cir. 2009) ("[T]he Constitution does not demand a bright-line rule whereby every breach of federal administrative policy also violates the Due Process Clause.").

Due process also requires the prison disciplinary board's decision to be supported by "some evidence" in the record.  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).  Because the quantum of evidence required to meet that standard is minimal, the reviewing court need not re-examine the entire record, independently assess the credibility of witnesses, or weigh the evidence.  Instead, it need only confirm that "there is *any evidence* in the record that could support the conclusion reached by the disciplinary board."  *Id*. at 454-55 (emphasis added); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Adams first complains that he did not receive a copy of the Incident Report within 24 hours after the charge was filed.  This claim does not provide a basis for habeas relief because due process requires only that an inmate receive notice of the charges 24 hours before the hearing.  *Wolff*, 418 U.S. at 564.  Adams does not contest that he did receive such notice in August, a full month before the hearing.  [R. 1 at 5]  The receipt of such notice also rendered irrelevant his requested evidence on the topic, including the video footage of his cell on the date of the incident or the fellow inmate's

statement.  In any event, the BOP policy on which Adams appears to rely does not assist him: regulations state that the inmate will "*ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident."  28 C.F.R. § 541.5(a) (emphasis added).  By its terms, the regulation contemplates that under certain circumstances notice may be delayed, and hence it does not create an inflexible rule demanding compliance within a strict timeframe.  *Craig v. Kizziah*, No. 6: 19-CV-141-REW, 2019 WL 7285556, at *4 (E.D. Ky. Dec. 27, 2019) (citing *Mendoza v. Tamez*, 451 F. App'x 715, 717 (10th Cir. 2011)), *aff'd sub nom. Craig v. Matevousian*, No. 20-5155, 2020 WL 4516009 (6th Cir. July 17, 2020).  Adams received notice of the charges against him well in advance of the hearing, and the Due Process Clause does not require more.

Due process does require that the inmate be given a written copy of the decision, *Wolff*, 418 U.S. at 565, something Adams claims was not done.  [R. 1 at 6]  But in the DHO Report itself, the DHO stated that he personally delivered a copy of the Report to Adams on September 26, 2019, at 13:00 hours.  [R. 16-6 at 4]  And the DHO, James Lott, confirms that he did so in a declaration filed as part of the government's answer in this action.  [R. 16-1 at 4]  Adams's failure to contradict the DHO's assertion by filing a reply in this habeas proceeding is alone grounds to accept it.  28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").  Even without that rebuttable presumption, the Court finds Adams's contrary assertion unconvincing, and concludes that the DHO's declaration under oath that he did give Adams a copy of the DHO Report is more credible.  *Pittman v. Fox*, 766 F. App'x 705, 719-23 (10th Cir. 2019) (noting habeas court's assessment that DHO's statements regarding procedures followed during hearing were more credible than those made by the inmate petitioner, and that the district court's factual findings are

subject to review only for clear error).  Because Adams's due process rights were fully observed in the disallowance of good conduct time, his petition will be denied.

Accordingly, it is **ORDERED** as follows:

1.      Adams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 8th day of December, 2020.



**Signed By:**

***William O. Bertelsman***   *WOB*

**United States District Judge**